UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN STILLITANO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CULLEN AND DYKMAN LLP,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JUSTIN STILLITANO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, CULLEN AND DYKMAN LLP ("CULLEN LAW"), its employees, agents, and successors ("Defendant") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Bronx County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CULLEN LAW maintains a location at 44 Wall Street, New York, New York 1005.

8. Upon information and belief, CULLEN LAW uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. COHEN LAW regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. CULLEN LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers and their successors in interest (the "Class"), who were subject to collection attempts which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who CULLEN LAW attempted to collect a debt from another, which included the alleged conduct and practices described herein.
>
> <u>The class definition may be subsequently modified or refined</u>.
>
> <u>The Class period begins one year to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form of conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to November 23, 2021, Plaintiff allegedly incurred a financial obligation to C&C SPRINKLER INC. ("C&C SPRINKLER").

16. The C&C SPRINKLER obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff and C&C SPRINKLER did not enter into a written contract prior to the commencement of the service allegedly performed by C&C SPRINKLER.

18. Plaintiff and C&C SPRINKLER did not enter into a written agreement prior to the commencement of the service allegedly performed by C&C SPRINKLER.

19. The C&C SPRINKLER obligation did not arise out of a business transaction.

20. The C&C SPRINKLER obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. C&C SPRINKLER is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22. Sometime prior to November 23, 2021, C&C SPRINKLER, either directly or through intermediate transactions assigned, placed, or transferred the C&C SPRINKLER obligation to CULLEN LAW for the purpose of collection.

23. At the time C&C SPRINKLER placed or transferred the C&C SPRINKLER obligation to CULLEN LAW, the obligation was past due.

24. At the time C&C SPRINKLER placed or transferred the C&C SPRINKLER obligation to CULLEN LAW, the obligation was in default.

25. CULLEN LAW caused to be delivered to Plaintiff a letter dated November 23, 2021, concerning the alleged C&C SPRINKLER obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

26. The November 23, 2021 letter was sent to Plaintiff in connection with the collection of the C&C SPRINKLER obligation.

27. At the time CULLEN LAW caused to be delivered to Plaintiff a letter dated November 23, 2021, it knew or should have known that Plaintiff and C&C SPRINKLER had not entered into a written agreement prior to the commencement of the serviced allegedly provided by C&C SPRINKLER.

28. At the time CULLEN LAW caused to be delivered to Plaintiff a letter dated November 23, 2021, it knew or should have known that Plaintiff and C&C SPRINKLER had not sign a written contract prior to the commencement of the serviced allegedly provided by C&C SPRINKLER

29. The November 23, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The November 23, 2021 was the initial written communication that Plaintiff received from CULLEN LAW.

31. No other written communication was received by Plaintiff from CULLEN LAW within five days of the November 23, 2021 letter.

32. Upon receipt, Plaintiff read the November 23, 2021 letter.

33. The November 23, 2021 letter stated in part:

> Please be advised that I have been retained by C&C Sprinkler as its attorney. A legal action will be commenced against you for monies due and owing to C&C Sprinkler in the amount of $3,624.82. Please remit payment of this amount within 10 days to avoid commencement of suit and the filing of a Complaint against you.

34. The November 23, 2021 letter does not contain a notice advising Plaintiff that CULLEN LAW is a debt collector, attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 U.S.C. § 1692e(11).

35. The November 23, 2021 letter does not contain any of the notices required by 15 U.S.C. § 1692g(a)(3) through (5) to be given to Plaintiff.

36. The November 23, 2021 letter advised Plaintiff that if payment wasn't received within 10 days, a complaint would be filed against him.

37. CULLEN LAW's threat that a complaint would be filed in 10 days if payment wasn't received overshadows and contradicts the protections afforded Plaintiff by 15 U.S.C. § 1692g(a)(3) through (5).

38. CULLEN LAW's threat that a complaint would be filed in 10 days if payment wasn't received violates 15 U.S.C. §1692e(5).

39. CULLEN LAW knew or should have known that its actions violated the FDCPA.

40. CULLEN LAW could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

41. It is Defendant's policy and practice to violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Threatening an action that could not legally be taken; and

(c) Failing to provide the notices required to be provided by the FDCPA.

42. On information and belief, there are at least 40 natural persons in the state of New York with one year of this Complaint who were subject to the conduct complained of herein.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

43. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44. Collection letters and/or notices, such as those sent by CULLEN LAW, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45. As described herein, Defendant violated 15 U.S.C. §1692e(5).

46. As described herein, Defendant violated 15 U.S.C. §1692e(11).

47. As described herein, Defendant violated 15 U.S.C. §1692g(a)(3).

48. As described herein, Defendant violated 15 U.S.C. §1692g(a)(4).

49. As described herein, Defendant violated 15 U.S.C. §1692g(a)(5).

50. As described herein, Defendant violated 15 U.S.C. §1692g(b).

51. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

54. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

55. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

56. Plaintiff has suffered damages and other harm as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 26, 2022

<div style="text-align: right;">

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Plaza
60 East 42nd. Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

</div>

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

<div style="text-align: right;">

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

</div>

# Exhibit

# A



<div style="float:right">
Cullen and Dykman LLP
44 Wall Street
New York, New York 10005
(Tel) 212-732-2000
(Fax) 212-825-1531
</div>

CHRISTOPHER RUGGIERO
PARTNER
Direct Dial 212-701-4003
Direct Fax 212-742-2765
CRUGGIERO@CULLENLLP.COM

November 23, 2021

**By Certified Mail/R.R.R., Email and Regular Mail**
Justin Stillitano

Re:   C&C Sprinkler Inc.

Dear Mr. Stillitano,

Please be advised that I have been retained by C&C Sprinkler as its attorney. A legal action will be commenced against you for monies due and owing to C&C Sprinkler in the amount of $3,624.82. Please remit payment of this amount within 10 days to avoid commencement of suit and the filing of a Complaint against you.

Please be guided accordingly.

Very truly yours,

Cullen and Dykman LLP

*[signature]*

Christopher Ruggiero